IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DEVIN WASHINGTON,

    Plaintiff,

v.

WARDEN THOMAS GRAMIAK; CPT. BRIAN ADAMS; DEPUTY WARDEN EDWINA JOHNSON; and LT. WILLIAM STEEDLY,

    Defendants.

CIVIL ACTION NO.: 5:16-cv-37

## **O R D E R**

Plaintiff, who is currently incarcerated at Ware State Prison in Waycross, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. (Doc. 1.) For the reasons which follow, the Court **DEFERS** conducting a frivolity review of Plaintiff's Complaint and **DIRECTS** Plaintiff to file an Amended Complaint within **fourteen (14) days** of the date of this Order.

## BACKGROUND

In his Complaint, Plaintiff levies a litany of allegations against the named Defendants, and his allegations are, at times, illegible and difficult to decipher. For example, Plaintiff contends he was placed on lockdown on October 7, 2015, after he was falsely charged with participating in a disturbance. (Doc. 1, p. 5.) At some unspecified date, Plaintiff asserts he was being escorted from one dorm to another when Georgia Department of Corrections' employees

deliberately put "his life in danger and a direct attack by Ware State Prison employees." (Id.) Plaintiff asserts he was moved to protective custody on October 14, 2015, to meet with the Warden and was guaranteed a transfer the next day. Plaintiff alleges he appealed all actions after he was found guilty of charges because someone on the disciplinary board told Plaintiff the administration (Defendants Gramiak and Adams and Warden Boyett) told him to find Plaintiff guilty of the charged infraction. (Id.) Plaintiff states he began filing grievances in which he alleged his right to due process and Eighth Amendment rights had been violated. Plaintiff also states a disciplinary hearing was held to stop him from further actions, and his grievances were being held or thrown away without cause.[1] (Id.) It appears that Plaintiff contends he received sanctions as a result of the disciplinary proceedings, such as no recreation, only getting five minutes out of his cell for a shower, harsh confinement, not receiving mail, only getting one visitation a month, and restricted telephone access. (Doc. 1-1, p. 1.)

Plaintiff asserts he contacted Warden Gramiak and Lieutenant Steedly regarding his release or transfer and was told he could sign off of protective custody. Plaintiff maintains he received a 90-day renewal twice, which granted him release to the general population on December 21, 2015, and January 7, 2016, but Defendant Steedly then informed Plaintiff on February 4, 2016, he had to complete the Tier II nine-month program before he could be transferred and was too much of a risk to be placed in the general population.

Plaintiff states that the majority of his disciplinary reports are instituted by members of the CERT, but even on lockdown, he is being targeted and harassed. (Id.) Plaintiff also states he filed a grievance on February 5, 2016, and upon receiving a response to this grievance on April 1, 2016, Defendant Johnson informed Plaintiff he has an extensive history of disruptive

---

[1] It is unclear whether this is the same disciplinary hearing as set forth above or a different disciplinary hearing.

2

behavior and that he could not grieve about bed assignments. However, Plaintiff asserts his grievance concerned his allegations that Georgia Department of Corrections' employees put his life at risk, and he requested to be re-referred to the Internal Investigation Unit. Plaintiff contends this grievance was necessary to show the extent of unprofessional conduct and unfair practices at Ware State Prison. (Id. at p. 2.)

According to Plaintiff, Ware State Prison is a dangerous place due to the understaffing, rise of assaults on correctional officers, officers fighting each other, and stabbings, and he filed another grievance on March 19, 2016, which was rejected as being untimely. Plaintiff contends he has had several threats during his incarceration at Ware State Prison and has witnessed his "brothers" getting stabbed in the face or being sliced across their throats in 2014 and 2015. (Id.) Plaintiff asserts that he wrote a grievance about these threats on April 28, 2016. (Id. at p. 3.)

Plaintiff also states he is awaiting surgery for the removal of a tumor in his right hip and that he cannot get proper medical treatment at the prison. Plaintiff avers he has certain medical profiles and has asked for a better mat and emergency treatment on several occasions.

Plaintiff maintains that his rights under the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Fourteenth Amendments of the United States Constitution have been violated. (Id.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must

dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal

theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

Plaintiff's Complaint includes a litany of claims that occurred on a variety of dates and rarely states which Defendants are associated with which claims. The Eleventh Circuit has routinely and explicitly condemned "shotgun pleadings," Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008), which it has described as pleadings that make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.9 (11th Cir. 2002). A district court is not required to "sift through the facts presented and decide for itself which were material to the particular cause of action asserted." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quoting Strategic Income Fund, 305 F.3d at 1295 n.9). Additionally, a plaintiff may not join claims and various

5

defendants in one action unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a).

Accordingly, Plaintiff's Complaint in its current form fails to state a viable claim. However, the Court will provide Plaintiff the opportunity to amend his Complaint and **DEFERS** frivolity review until such Complaint is filed. The amended complaint must include which claim or related claims Plaintiff wishes to pursue in this action and to specify the persons he intends to sue. Additionally, Plaintiff's claims must be limited to those that arose from the same transaction or occurrence or series of related transaction or occurrences. Plaintiff may submit a separate complaint or complaints for his other claims. After Plaintiff files an Amended Complaint, the Court will conduct the requisite frivolity review. If Plaintiff does not file an appropriate Amended Complaint, the Court may dismiss this action for failure to prosecute and failure to follow this Court's Orders. Smith v. Owens, 625 F. App'x 924, 928 (11th Cir. 2015) (upholding this Court's dismissal for failure to comply with Federal Rule of Civil Procedure 20(a)); Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (upholding dismissal for failure to prosecute Section 1983 claims where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

## CONCLUSION

For the above stated reasons, the Court **DIRECTS** Plaintiff to amend his Complaint within **fourteen (14) days** of the date of this Order to name as a Defendant (or Defendants) a person (or persons) whom he alleges violated his constitutional rights and to assert coherent

factual allegations supporting related claims.  Should Plaintiff fail to abide by this directive, the Court will dismiss this case for failure to prosecute and failure to follow a court Order.

**SO ORDERED,** this 8th day of August, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA